Day, J.
 

 The judgment of the superior court in this case, which the Court of Appeals reversed,, recites as follows:
 

 
 *76
 
 “This cause coming on to be heard upon plaintiff’s motions to strike from the files the answers of defendants, Maurice Smith and Anna Smith, and also plaintiff’s motions for judgment against said defendants, and the court having heard the arguments of counsel for plaintiff and for the defendants and
 
 havimg heard the evidence
 
 introduced on behalf of each party, and being fully advised in the premises, it is now ordered and considered that said motions be granted.”
 

 Accordingly the answers of the defendants were stricken from the files, for the reason that the same were found to be frivolous and sham and filed in bad faith and for the purpose of delay, and the court found that the allegations of the petition were true and rendered judgment for plaintiff.
 

 This being the record before the Court of Appeals, and being merely a transcript of the docket and journal entries, and the original papers from the superior court, but nothing at all to show what occurred at the hearing below, or what evidence was heard and considered by the superior court, as recited in its journal entry, was there sufficient before the Court of Appeals to justify this reversal? We think not, for the reason that the record of the superior court imports verity and there was sufficient evidence to justify the court’s action, the presumption being, until the contrary appears upon the face of the record, that the same was in all respects legal.
 

 This court in
 
 Thomas
 
 v.
 
 Kalbfus, Recr.,
 
 97 Ohio St., 232, 236, 119 N. E., 412, 413, in passing upon the right of a trial court to strike out matter which constitutes sham pleading, a pleading not filed in
 
 *77
 
 good faith, and intended only for delay; speaking-through Matthias, J., said:
 

 “The record discloses that the demurrer to the-first -defense of the answer was treated in the trial court as a motion to strike out that defense on the ground that it constituted a sham pleading, a pleading not filed in good faith, and intended only for delay; and upon hearing it was. sustained.
 

 “The evidence adduced upon that hearing was not incorporated in the bill of exceptions and consequently was not presented to the Court of Appeals. That court, recognizing the presumption of the legality of the proceedings in the trial court, and assuming, in the absence of any record covering that branch of the case, that the finding was justified by the evidence adduced, refused to review the finding and judgment in so far as it affected the first defense of the answer.
 

 “The authority of the trial court to order a sham pleading stricken from the- files has been - recognized by this court, and such procedure approved in the case of
 
 White
 
 v.
 
 Calhoun et al.,
 
 83 Ohio St., 401. No record having been presented disclosing the evidence submitted to the trial court touching that question, the Court of Appeals very properly assumed that the evidence was such as to warrant the finding made by the trial court and to support its judgment.”
 

 And in
 
 White
 
 v.
 
 Calhoun,
 
 above referred to, 83 Ohio St., 401, at page 403, 94 N. E., 743, 744, this court, speaking through Spear,- C. J., said:
 

 “But such bill is not printed, and we do not find it among the original papers, even if its presence there were important, which it is not, because}
 
 *78
 
 not printed. Nor is there any finding of facts. We are to presume, therefore, in support of the action of the trial court with respect to the motion and the final judgment rendered, that sufficient evidence was adduced to warrant the action of the court, provided there was power in the court to receive and act upon any evidence whatsoever.”
 

 In the same case, at page 407 (94 N. E., 745), the Chief Justice concludes:
 

 “Here again the printed record utterly fails to bear out the objection. Not only is there no finding of facts by the trial court in the printed record, and no bill of exceptions, but * * *.
 

 “Our' conclusion is that a motion to strike off an answer believed to be a sham answer is proper practice, and that the trial court has power to entertain, hear, and determine such motion. It may be proper to add, in order to prevent misunderstanding, that the discretion of the court in such case should be exercised wisely and with discrimination, and such motion sustained only upon such showing upon the part of the plaintiff as leaves no question whatever of the truth and eonclusiveness of the plaintiff’s evidence.”
 

 The record disclosing that the journal of the superior court affirmatively shows that “having heard the evidence introduced on behalf of each party” the court proceeded to render the judgment that it did, and, there being no bill of exceptions or finding of facts disclosing what such evidence was or facts were upon which the superior court rendered the judgment, the presumption of the law is that there was sufficient evidence to sustain the judgment, and in the absence of a bill
 
 *79
 
 of exceptions there was nothing- before the Court of Appeals to show error on the part of the trial court.
 

 If an entry shows a certain judgment was the judgment of the court, it will be presumed that such judgment was rendered in accordance with the existing constitutional and statutory provisions. St
 
 ugard
 
 v. P.,
 
 C., C. & St. L. My. Co.,
 
 92 Ohio St., 318, 110 N. E., 956.
 
 “A
 
 judgment which a court has jurisdiction to render presumes a finding by the court of all things necessary and sufficient to support such judgment, in the absence of a record to the contrary.”
 
 Bly
 
 v.
 
 Smith,
 
 94 Ohio St., 110, 113 N. E., 659.
 

 We are therefore constrained to the conclusion that upon the authority of
 
 White
 
 v.
 
 Calhoun, supra,
 
 and
 
 Thomas
 
 v.
 
 Kalbfus, supra,
 
 the Court of Appeals was in error in reversing the judgment of the superior court, and for that reason the judgment of the Court of Appeals in so doing is reversed, and, the time for the preparation and allowance of a bill of exceptions having long since expired, it follows that the judgment of the superior court must be affirmed.
 

 Judgment reversed.
 

 Marshall, C. J., Jones, Matthias, Allen, Kinkade and Robinson, JJ., concur.