Allen, J.
 

 This action arises upon a petition to set aside certain deeds executed by Richard McCor
 
 *441
 
 mick, the husband of Emma 0. McCormick, the plaintiff, to his son by a former marriage, about three weeks prior to his marriage to Emma 0. McCormick, upon the ground that the deeds were executed in fraud of the wife’s dower rights. The amended petition prayed “that said deeds and the conveyances intended thereby, insofar as they affect her dower in said real estate, be set aside, and that plaintiff be decreed to have an inchoate right of dower in said real estate during the life of plaintiff and defendant Richard McCormick, and in the event that defendant Richard McCormick decease before plaintiff and during the pendency of this suit, that dower in said real estate be decreed to be vested in plaintiff, and for such other and further relief as may be equitable and proper in the premises.” The action was filed in January, 1929, and prior to trial in the court of common pleas the husband of the plaintiff died. During the trial, after the defendant had rested, but prior to submission of the case to the court, the plaintiff'moved “for leave to file a supplemental petition setting up the fact of the death of Richard McCormick [the husband] since the institution of this action and asking that plaintiff may be assigned dower in the real estate described in the original petition in this case.” An objection was made by counsel for the defendant. The court sustained this objection, and the plaintiff excepted. The court of common pleas dismissed the petition of the plaintiff. The supplemental petition in question was filed with the clerk of the common pleas court upon April 17, 1930, without leave of court being obtained, and upon the same day that appeal proceedings were perfected to the Court of Appeals.
 

 
 *442
 
 The case was submitted to the Court of Appeals upon the pleadings and upon the transcript of the testimony before the court of common pleas, and upon further testimony. The Court of Appeals found in favor of the plaintiff and set aside the deeds described in the petition in so far as they affected the dower rights of the wife, and granted leave to file a supplemental petition identical with that which the wife had tendered at the trial of the action in the court of common pleas, which leave had been refused by the trial court. The defendant in the Court of Appeals then filed in this court a motion to certify thé record of the Court of Appeals, and also filed a petition in error as of right, attacking the judgment below. This court overruled the motion to certify and dismissed the petition in error filed as of right.
 

 In June, 1931, the case came on for hearing in the Court of Appeals upon the supplemental petition. The Court of Appeals found that the wife “is entitled to and has a vested dower interest in the real estate” in question, decreed that the wife be endowed with an equal one-third part of the real estate, and appointed commissioners to set off and assign dower. The plaintiff in error then filed in this court a motion to certify the record, and a petition in error as of right, attacking this decree of the Court of Appeals.
 

 The plaintiff in error contends that the Court of Appeals had no jurisdiction of the action set up in the supplemental petition under the Constitution or statutes of Ohio, on the ground that the subject of the action therein stated constituted the commencement of an original action in the Court of Appeals
 
 *443
 
 for the assignment of dower, and that hence under Section 6 of Article IY of the Ohio Constitution, the Court of Appeals had no jurisdiction to entertain such cause of action, nor to enter judgment thereon. This section in its material portion reads as follows: “The courts of appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and appellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify or reverse the judgments of the courts of common pleas, superior courts and other courts of record within the district as may be provided by law * *
 

 Plaintiff in error cites in support of his contention the third paragraph of the syllabus of
 
 Barnes
 
 v.
 
 Christy,
 
 102 Ohio St., 160, 131 N. E., 352, which reads: “In the exercise of appellate jurisdiction, the court of appeals has before it a suit commenced in a court of original jurisdiction and cannot by amendment substitute for the cause of action originally sued on a new and different cause of action and thereby originate a new and different suit in the appellate court.”
 

 He claims that the supplemental petition substitutes another cause than that originally sued upon in the court of common pleas; that the case as originally tried in the court of common pleas is not in the Court of Appeals, but that the Court of Appeals under the supplemental petition entertained original jurisdiction in a new and distinct cause of action.
 

 It is true that the supplemental petition under which dower has now been assigned the wife was filed under leave of court first in the Court of Appeals. However, the wife had done all that she
 
 *444
 
 could in the court of common pleas to raise this particular question. In her amended petition she had asked that in the event of her husband’s death during the pendency of the suit, her dower be decreed to be vested in the real estate, and for other equitable relief. Moreover, when the court of common pleas refused to permit her to file her supplemental petition, there was no possible way in which she could bring before the Court of Appeals the application for assignment of dower subsequent to the death of her husband in case that court should hold with her upon the proposition that the conveyances by her husband to the plaintiff in error constituted a fraud upon her dower rights, except by filing the supplemental petition in that court. The supplemental petition did embody facts “material to the case which occurred since the filing of the former petition.” Section 11368, General Code. But did this filing ingraft an entirely new action upon the original pleadings, and therefore bring it about that the case originated in the Court of Appeals? If so, the objection of the plaintiff in error is vital.
 

 If the original pleading had set up the fraudulent conveyances and prayed for cancellation of the deeds, and set out the death of the husband and asked for assignment of dower as incidental relief, the Court of Appeals would have had jurisdiction under its equity powers to permit such assignment of dower. 19 Corpus Juris, 556. The fact that Section 12005 of the General Code makes provision for an action for assignment of dower, and that this action exists only by virtue of statutory authority, does not divest the Court of Appeals of its power
 
 *445
 
 to grant this ancillary relief. As stated in 1 Pomeroy’s Equity Jurisprudence (4th Ed.) :
 

 Section 279. “Where, on the other hand, the new power is conferred upon the law courts by statutory legislation, the rule is well settled that unless the statute contains negative words or other language expressly taking away the pre-existing equitable jurisdiction, or unless the whole scope of the statute, by its reasonable construction and its operation, shows a clear legislative intent to abolish that jurisdiction, the former jurisdiction of equity to grant its relief under the circumstances continues unabridged. ’ ’
 

 Section 280. “The following are some of the instances in which this rule has been applied, and the equitable jurisdiction has been asserted, notwithstanding the statutory power given to the courts of law under the same condition of facts: In suits upon lost instruments, bonds, notes, bills, and other contracts to recover the amount due; in suits for the establishment or admeasurement of dower, although a statutory authority over matters of dower has been given to other courts * #
 

 See, also,
 
 Bishop
 
 v.
 
 Woodward,
 
 103 Ga., 281, 29 S. E., 968;
 
 Danforth
 
 v.
 
 Smith,
 
 23 Vt., 247;
 
 Jones
 
 v.
 
 Jones, Admr.,
 
 28 Ark., 19;
 
 Maxwell
 
 v.
 
 Awtrey,
 
 151 Ark., 85, 235 S. W., 384.
 

 Thus in
 
 Wildeman
 
 v.
 
 Wildeman,
 
 98 N. J. Eq., 109, 130 A., 717, where the wife had filed a bill in equity to set aside or reform conveyances made by her husband in anticipation of his marriage and in an effort to defeat her rights, the chancellor advised a decree that the plaintiff was entitled to her dower assigned out of the lands in question, and indicated that he
 
 *446
 
 would appoint a special master to fix the amount of such dower.
 

 Now the amended petition upon which this case was tried in the common pleas court gave notice of the exact relief prayed for in the supplemental petition, and hence the supplemental petition setting up the death of the husband and praying for assignment of dower merely enlarged and made more specific the relief first asked. The application for assignment of dower, hence, was not a new or different action ingrafted upon the original case, and its filing in the Court of Appeals did not constitute the commencement of an action originally for the assignment of dower.
 

 In the case of
 
 Barnes
 
 v.
 
 Christy, supra,
 
 cited by plaintiff in error for his contention, it was actually held that the Court of Appeals in a chancery case has jurisdiction to bring new parties into the case for the purpose of fully settling and finally determining the cause of action appealed, and held that the amendment made for that purpose in the Court of Appeals did not constitute error. This principle is in accord with the general rules of equity, and it was upon this principle that the Court of Appeals allowed the filing and the hearing of the claim for assignment of dower. When equity had once tak<>n jurisdiction of the suit to set aside the conveyances in fraud of dower, it properly retained that jurisdiction to afford complete relief. 19 Corpus Juris, 557;
 
 Kiriakis
 
 v.
 
 Fountas,
 
 109 Ohio St., 553, 143 N. E., 129. The court was not restricted to an adjustment of the rights of the parties as they existed when suit was brought, but was entitled to give relief appropriate to events occurring pending the suit.
 
 *447
 
 21 Corpus Juris, 137. Sitting as a court of equity, therefore, the ’court of common pleas had jurisdiction to assign dower as relief incidental to the cause of action set up in the petition, and the pleadings originally filed included a prayer for that relief. The trial court erred in refusing to grant leave to file the supplemental petition.
 

 Moreover, when the case went before the Court of Appeals
 
 de novo,
 
 it had jurisdiction to -grant leave to file a supplemental petition which did not substantially change the cause of action. The Court of Appeals has exactly the same jurisdiction of the subject-matter of the action, the same control over the pleadings, the issuing and service of process, as well as the final determination of the case, as the court below had.
 
 Barnes
 
 v.
 
 Christy, supra.
 

 These considerations dispose both of the constitutional objections raised by the plaintiff in error, and of all material questions in the case.
 

 The petition in error filed as of right is therefore dismissed.
 

 Petition in error dismissed.
 

 Marshall, C. J., Jones, Day and Kinkade, JJ., concur.
 

 Robinson, J., dissents.
 

 Matthias, J., not participating.