## STATE ex SQUIRE v POSPISIL
## UNION TRUST CO v EGGERS

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided Feb 14, 1938

H. S. Duffy, Attorney General, Columbus, and L. J. McGurk, Special Counsel, Cleveland, for plaintiff-appellants.

N. D. Davis, Cleveland, and H. E. Elliott, Cleveland, for defendant-appellees.

## OPINION

By LIEGHLEY, J.

Many cases have been appealed to this court involving the application of the mortgage moratorium acts. Five cases have been argued and await decision including the two cases above captioned. These and others, present situations wherein the stay order has been granted at different stages of the proceedings. Some seem to indicate the belief that a stay order may be granted any time so long as the court may vacate any prior order to affect a pending case, if necessary, to apply the conditions of the act.

The above two cases were selected for the reason that their facts present two different situations, but only two of the many that exist.

In case No. 16294, the mortgage and note were executed January 2, 1930, for $12,000.00, payable $240.00 quarterly, balance due in one year from date.

Petition to foreclose filed March 14, 1935, for $11,760.00 with interest from June 15, 1933, less $125.00 subsequently paid. So

that in five years not enough was paid to cover interest in full.

March 25, 1937, decree of foreclosure entered for $13,345.26 with interest from January 9, 1936, plus decree for $157.56 at a later date for taxes advanced.

May 19, 1937, application to stay proceedings under §11588, GC, filed.

May 24, 1937, stay granted until further order of court but in no event later than April 1, 1939, upon condition that defendant pay to plaintiff Ninety Eight and 39/100 Dollars ($98.39) per month, which includes, as stated in the order, interest for one month at six per cent, one-twelfth of taxes for year, and a further sum for amortization of said claim, and defendant shall keep said premises insured and in repair.

May 28, 1937, notice of appeal on law and fact filed.

June 30, 1937, bill of exceptions filed.

It should be especially noted that the stay order comprehends only interest, taxes, insurance, repairs and some amortization from the date of the order.

In case No. 16340, the mortgage and note were executed January 18, 1937, for $3200.00 payable $80.00 quarterly, balance due in one year from date.

Petition to foreclose filed April 15, 1935, for $3060.00 with interest from September 15. 1932, less fifty cents. During eight years total payments fell far short of interest charges contracted to be paid.

June 10, 1936, decree of foreclosure entered for $3786.22, with interest from April 13, 1936, plus decree later entered for $425.07 for taxes advanced, plus later decree entered October 2, 1936 for $33.76 for taxes advanced.

June 25, 1936. Order of sale issued.

Aug. 10, 1936. Motion by defendant to stay confirmation of sale filed.

August 17, 1936. Stay granted for period ending April 1, 1937, upon condition that defendants pay current interest and taxes, being $20.10 interest and $6.75 taxes per month, to plaintiff and keep the premises insured and in repair.

May 18, 1937, motion by plaintiff to confirm sale filed.

May 26, 1937, court finds that the sale was legally had and in all respects conformed to legal requirements and approves and confirms same and directs delivery of deed.

May 27, 1937. Confirmation of sale is hereby vacated and set aside.

May 28, 1937. Application of defendants to stay proceedings under §11588, GC, filed.

June 16, 1937. Stay granted until further ordered but in no event later than April 1, 1939, upon condition that defendants pay to plaintiff $29.96 each month for four months and $33.78 each month thereafter for the remaining period, which sum, as stated in the order, includes interest for one month, one-twelfth of annual taxes and a further sum for amortization and defendants to keep said premises insured and in repair.

June 16, 1937. Notice of appeal by plaintiff on law and fact filed.

It seems that the premises were sold some time between June 25th and August 10th, 1936. Confirmation was withheld and stay order of August 17, 1936 issued. This condition seemingly prevailed until May, 1937, when the sale was confirmed and next day vacated. Thereupon alleged provisions of the Best Act, so named by defendants, were attempted to be applied, the legality of which is challenged by the appeal.

The foregoing recitation of facts, dates and amounts is taken directly from the transcripts and pleadings contained in the records of the above two cases.

It will not be unprofitable to examine the statute in force prior to April 1, 1937, and compare and read its provisions with those of the act in force thereafter. According to Page's Ohio Code, the prior act became effective February 4, 1935 (116 O. L. 10) the first paragraph of which and the only part thereof pertinent to this inquiry, reads as follows:

"Sec 11588 GC. ENCUMBERED PROPERTY MUST BE SOLD: SALE POSTPONED, WHEN:

"When a mortgage is foreclosed or a specific lien entered, a sale of that property shall be ordered. However, any court before which a proceeding for the foreclosure of mortgage or the enforcement of a specific lien or execution against real property is had, on or before the first day of April, 1937, may after a full hearing, and upon such terms and conditions as may be fixed by the court, order that the sale be postponed and that proceedings to enforce the debt or to recover possession be restrained until such a time. not later than the first day of April. 1937, as the court may, in the exercise of its discretion, believe to be just and equitable. considering the rights and equities of all parties affected by such order in the light of existing economic conditions but in no event to postpone said sale and/or such proceedings unless the current taxes and the interest due from

and after the date of said postponement by said court order shall be paid as due, provided, no sale shall be postponed and no such proceedings had upon a mortgage executed after May 18, 1933."

Emphasis should be placed on certain provisions. The court may postpone the sale and stay proceedings to collect the debt or recover possession. Does the language of the act by any construction authorize a stay order after sale? The only mandatory conditions imposed are that the debtor must pay current taxes and interest due from and after the date of postponement.

By the process of amendment, the legislature amended the prior act above effective at once, to-wit, April 1, 1937, in rorm exactly as the act now in force reads with one exception. For some reason in May, 1937, the statute, §11588, GC, now in force, was enacted omitting the word, "not less than" from the act of April 1, 1937, found between the words, "within" and "three months." The act of April 1, 1937, was repealed and the present statute became effective May 17, 1937. For all practical purposes, the acts of April and May, 1937, may be regarded as the same and by the prior act the statute effective February 4, 1935, is referred to.

The first paragraph and pertinent part of the statute now in force reads as follows:

.."Sec 11588 GC. ENCUMBERED PROPERTY, ETC.

"When a mortgage is foreclosed or a specific lien enforced, a sale of the property shall be ordered. However, any court before which a proceeding for the foreclosure of a mortgage or the enforcement of a specific lien or execution against real property is had, or on or before the first day of April, 1939, may after a full hearing and upon such terms and conditions including amortization as may be fixed by the court, order that the sale be postponed and that proceedings to enforce the debt or to recover possession be restrained until such a time, not later than the first day of April, 1939, as the court may, in the exercise of its discretion, believe to be just and equitable, considering the rights and equities of all parties affected by such order in the light of existing economic conditions. Provided, however, that in all cases filed subsequent to April 1, 1937, an application shall have been filed by the owner prior to the entry of the decree, or within three

months after answer day named in the summons, which ever is earlier. Provided, however, that in no event shall the court postpone said sale and/or such proceeding unless the owner shall keep all current interest, insurance, premiums, taxes and assessments from and after the date of filing the petition fully paid when and as the same becomes due, and shall keep said property in a good state of repair; provided, however, that in the case of income producing property where the income is in excess of the above requirements, the court may require any surplus to be paid on the principal, provided no sale shall be postponed and no such proceedings had upon a mortgage executed after May 18, 1933."

Note that this statute reads exactly as the prior statute down to and including the words "economic conditions" except for the addition of the phrase, "including amortization" and a change of dates. The former statute continues with the "but in no event" provision. In this statute the sentence is concluded. Then follows two provisions by independent sentences. The first provision deals with the subject of petitions filed after April 1, 1937. The second contained the conditions "provided however, that in no event shall the court postpone said sale unless, etc." This clearly discloses the intent that whether before or after said date in no event shall a stay order issue unless subsequent conditions be met.

If this second proviso had been placed first as it was in the prior act in continuation of the same sentence, it is probable that less confusion would exist among those charged with the administration and application of this law. Placed there, the statute would be couched in unmistakable and unambiguous language.

This second "provided" clearly states that "in no event" shall the court postpone the sale unless the owner shall keep all current interest, insurance and taxes from and after the date of filing the petition fully paid when and as the same becomes due. The prior statute prescribed current interest and taxes from and after the date of postponement of sale to be paid.

Both the prior and present statutes speak of postponement of sale. Neither in express language or by inference contemplate a stay order after sale over objection.

It must be assumed from the history of this legislation that changes made in the present statute from the prior act were purposely, designedly and advisedly made. The

174

subject matter involved was twice considered in the light of the former act. The changes appear in the act of April and likewise in the present act of May, 1937.

The defendants contend that the requirement that current interest, taxes, etc., be paid from the filing of the petition applies only to cases wherein the petition was filed after April 1, 1937. Some trial courts seem to have concurred in this claim.

This first proviso has nothing to do with prescribing conditions for postponing the sale. In the prior act the sale may be postponed at any time prior to sale by its terms presumably upon application made at any time prior thereto. In this act the same authority exists except in cases where the petition is filed after April 1, 1937, when the application must be made before decree or within three months after answer day, whichever is earlier. This first proviso does not deal with conditions for a stay order but solely with the question of when an application for stay must be made in cases filed after said date.

Sale, in our opinion, means exactly what is commonly accepted as its meaning. When the property is duly advertised and offered at public auction and bid in by a seemingly qualified bidder apparently able and willing to conclude the purchase, a sale is consummated for the purposes of this statute. After that the trial court has no power to grant a stay order over objection thereto. After such sale, no unbounded discretion rests with the trial court to confirm the sale or refuse to confirm. His discretion is limited to an inquiry of whether the sale was made in all respects in conformity to law, and if it be found to thus conform, it becomes the duty of the court to confirm. §11688, GC.

The purchaser in such event acquires rights which courts should respect. The judges of the Second District heretofore reached a like conclusion. **Virginia Joint Stock Land Bank v Shaffer, 7 O.O. 186 (21 Abs 82.)**

While our conclusion will not meet the wishes and desires of those adversely interested, the history of this legislation and the clear language of the present statute weighed in the light of the provisions of the prior act with the changes apparently advisedly made, compel the conclusions reached. The attainment of different results is a legislative matter. Our problem is confined to determining what the present statute prescribed.

It is our firm opinion that the trial court has no authority in face of objection to issue a stay order after sale. Its discretion is then limited to the inquiry prescribed by §11688, GC.

Also, that the conditions to be met by defendants to warrant a postponement of the sale include amortization keeping "all current interest, insurance premiums, taxes and assessments from and after the date of filing the petition, fully paid when and as the same become due and the property in repair." This is exactly what the statute says.

In cases wherein the petition is filed after April 1, 1937, the stay order may not issue at any time before sale, as in cases filed prior thereto, but may only issue in cases wherein application for stay is filed before decree or within three months after answer day, whichever is earlier. This also is exactly what the statute says.

In these cases appeals were perfected on questions of law and fact. A bill of exceptions was filed in each case. Each case before us is an appeal from an order in a case. Both cases are still pending in the lower court.

In a chancery proceeding when an appeal is perfected the whole case is transferred, and the decree below is suspended. **McCormick v McCormick, 124 Oh St 446.** Such an appeal requires a trial of the cause de novo. **T. & O. C. R. R. Co. v Village of Hartford, 101 Oh St 520.**

It was not intended to appeal the whole case in either one of these appeals. The order appealed was the granting of postponement of the sale and stay of further proceedings. The case below is not finally concluded.

An order appointing a receiver in an action for accounting is not appealable as a chancery case although it is a final order reviewable on error. This is merely an order in a case. **Forest City Investment Co. v Haas, 110 Oh St 188, 194.**

Consequently it is considered necessary to regard these cases as appeals on law only.

Wherefore, the judgment in the Eggers case, No. 16294, is reversed as contrary to law and remanded for further proceedings according to law as hereinabove indicated. Exceptions may be noted.

And the judgment in the Posipisil case No. 16340, is reversed as contrary to law

and remanded for further proceedings in conformity herewith. Exceptions may be noted.

LEVINE, PJ, and TERRELL, J, concur.

## SUPPLEMENTAL OPINION

By LEVINE, J.

In the majority opinion by Lieghley. J., the text of the statute which is now in force, which is §11588, GC, is fully set forth. We are called upon to construe two provisos in the statute. I shall mention the second proviso first, which reads:

"Provided, however, that in no event shall the court postpone said sale and/or such proceedings unless the owner shall keep all current interest, insurance, premiums, taxes and assessments from and after the date of filing the petition fully paid when and as the same becomes due, and shall keep said property in a good state of repair;"

This provision apparently makes it mandatory upon the trial court that the current interest, insurance premiums, taxes and assessments from and after the date of the filing of the petition, must be kept fully paid when and as the same becomes due. This, of course, is bound to involve many cases of severe. hardship, making it impossible for the homeowner who seeks the benefit of the law to comply. A more salutory provision would have been to make it discretionary with the court as to the terms and conditions to be imposed for a postponing of a sale. The trial court, as will be seen from the bill of exceptions, fully recognized it.

Pospisil, one of the appellants in these cases, has been out of work and his wife has been sick. The court found that it was impossible for him to comply with the conditions which require him to pay all current charges, interest, taxes, assessments, etc., from the date of the filing of the petition. One cannot escape the conclusion that the refusal of the trial court to impose such harsh conditions under the circumstances was in consonance with the demands of abstract justice. But in view of the clear provisions of the statute we are bound to follow the law. In other words. we are not permitted to disregard the statute and its provisions merely because of their harshness. The legislature alone can remedy this objectionable feature of the act by amending the statute so as to vest dis-

cretion in the trial court as to the conditions to be imposed. The court is helpless in this matter and is bound to follow the mandatory provisions of the law.

The first proviso reads:
"Provided, however, that in all cases filed subsequent to April 1, 1937, an application shall have been filed by the owner prior to the entry of the decree, or within three months after answer day named in the summons, whichever is earlier."

I am of the opinion that this proviso is inoperative as it compels the owner of the property to file his application for a postponement of the sale within three months after answer day named in the summons.

The Common Pleas Court may, as it usually does, grant leave to plead even to a date subsequent to the period of three months after answer day named in the summons. The owner of the property may have a valid defense to the action and to compel a strict adherence to this provision would be to anticipate that a decree of the court will be in favor of the plaintiff and against the owner of the property.

We are not, however, called upon to bring this particular proviso into these cases for the reason that it applies only to cases filed subsequent to April 1, 1937.

In view of the provisions of the present law accompanied as they are by great severity and harshness, I reluctantly concur in the judgment of the majority of this court.