Per curiam.

The trial court was not in error in striking from the files the motion “to vacate the judgment,” a repetitious matter the court had previously passed on. White v. Calhoun, 83 Ohio St., 401, 94 N. E., 743; Thomas v. Kalbfus, Recr., 97 Ohio St., 232, 119 N. E., 412; and Butterick Publishing Co. v. Smith, 112 Ohio St., 73, 146 N. E., 898.
The motion to vacate is practically a duplicate of the former motion to correct the record, which motion the trial court overruled and an appeal from the ruling thereon was taken to the Court of Appeals. The entire cause in which the motion “to vacate the judgment” was filed was removed to the Court of Appeals on appeal on questions of law and fact and is now pending in the Supreme Court on appeal.
Where a cause is appealed to the Court of Appeals on questions of law and fact, it no longer remains in the lower court. The whole cause is transferred to the appellate court for trial de novo. The jurisdiction of the lower court is terminated, and it loses all power to do anything in the cause. Barnes v. Christy, 102 Ohio St., 160, 131 N. E., 352; McCormick v. McCormick, 124 Ohio St., 440, 179 N. E., 286.
*393 Relator bases its right to have the entry corrected on Section 2321.14, Revised Code, which provides: “When justice requires it, upon notice to all parties, an omission in a bill of exceptions, occurring through accident or error, may be corrected by the reviewing court, or it may be remanded to the trial court for such correction.”
The matter complained of by relator is an entry “the Clerk of the Court of Common Pleas caused to be entered on the journal of said court.” Since the journal is no part of the bill of exceptions, authority to correct it by remand to the trial court is not granted by the above-quoted section.
As relator’s petition does not state a cause of action, the demurrer is sustained and a writ is denied.

Demurrer sustained and writ denied.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart and Bell, JJ., concur.
Taet, J., concurs in the judgment.