**E. W. BLISS COMPANY, Plaintiff,**

v.

**The COLD METAL PROCESS COMPANY, Defendant.**

No. 5402.

United States District Court
N. D. Ohio, E. D.
Oct. 1, 1957.

---

2. Petitioner's brief erroneously designates the year as 1939.

3. See government's brief, p. 2.

64

Charles H. Walker, Charles W. Williams, Cleveland, Ohio, for plaintiff.

William H. Webb, Pittsburgh, Pa., Howard F. Burns, Cleveland, Ohio, for defendant.

WEICK, District Judge.

The complaint, filed herein on January 20, 1936, sets forth a cause of action for declaratory judgment, injunction and equitable relief in respect to a controversy between the parties involving the validity and non-infringement of United States Letters Patent Nos. 1,744,016, 1,744,017, 1,744,018 and 1,779,195.

The action was brought under the provisions of the Declaratory Judgments Act, 28 U.S.C. § 400,[1] which was then in force.

Jurisdiction of the Court was based both on diversity of citizenship and the patent laws of the United States.

An answer was filed by defendant, herein referred to as Cold Metal, on May 20, 1939. On Jan. 8, 1949 Cold Metal filed a motion for leave to amend its answer by including therein a counterclaim which charged Bliss with infringement of Patents Numbered 1,744,016 and 1,779,195 which expired in 1947. The leave to amend was granted by the Court on May 8, 1950 and the amended answer containing the counterclaim was filed on May 26, 1950. Bliss filed a reply thereto on June 5, 1950.

1. Now 28 U.S.C. §§ 2201, 2202.

The ground of the motion to dismiss the counterclaim was that Cold Metal's claim for infringement was barred by the six year limitation provided for in the patent statute.

The statute in force when the complaint was filed provided, among other things, "but in any suit or action brought for the infringement of any patent there shall be no recovery of profits or damages for any infringement committed more than six years before the filing of the bill of complaint * *." R.S. § 4291; Mar. 3, 1897, c. 391, § 6, 29 Stat. 694 (35 U.S.C. § 70).

In 1946, the statute was revised to read "but recovery shall not be had for any infringement committed more than six years prior to the filing of the complaint in the action." The revised section by its express terms applied to pending cases in which the taking of testimony had not been concluded. Act of Aug. 1, 1946, c. 726, § 1, 60 Stat. 778.

The statute was again amended in 1952 to provide for barring a counterclaim. 35 U.S.C. § 286. The 1952 amendment does not apply to the case at bar as the counterclaim had been filed prior to the effective date thereof. There was no substantial difference in the limitation provision in force in 1936 and the 1946 revision.

Bliss contends that the patent statutes created the right and prescribed the remedy, and that the six year limitation therein provided for was an integral part of the right and cannot be waived. Pollen v. Ford Instrument Co., 2 Cir., 108 F.2d 762. It urges that Cold Metal never asserted any claim for affirmative relief until the filing of the counterclaim on May 26, 1950 and that the running of the six year statute of limitations was not stopped until then.

Cold Metal contends that the filing of the complaint stopped the statute of limitations from running for it invoked the jurisdiction of the Court to determine the validity of Cold Metal's patents and the issue whether Bliss' mills infringed them; that the counterclaim did not inject any new issue in the case, for accounting follows as an incident to a decree determining the patents valid and infringed.

The long period of time during which the case has been pending in this Court is explained by a variety of circumstances.

The case was before the Court of Appeals to review an order dismissing the complaint for lack of a justiciable controversy. The Court of Appeals reversed the judgment of dismissal in E. W. Bliss Co. v. Cold Metal Process Co., 6 Cir., 1939, 102 F.2d 105, holding that there was a justiciable controversy between the parties. The Court of Appeals affirmed an order striking from the complaint allegations with respect to Cold Metal's unclean hands on the ground that Cold Metal was not then asking for affirmative relief.

The Government filed a suit in this Court to cancel the patents on the ground of fraud in their procurement. The issues were determined in favor of Cold Metal. United States v. Cold Metal Process Co., D.C.N.D.Ohio 1945, 62 F. Supp. 127, affirmed, 6 Cir., 1947, 164 F.2d 754, certiorari and rehearing denied, 1948, 334 U.S. 811, 835, 68 S.Ct. 1016, 1343, 92 L.Ed. 1742, 1761.

The trial of this case was also deferred to await the outcome of the case of Cold Metal Process Co. v. Republic Steel Corp., D.C.N.D.E.D.Ohio 1954, 123 F. Supp. 525, affirmed, 6 Cir., 1956, 233 F.2d 828, certiorari denied, 1956, 352 U.S. 891, 77 S.Ct. 128, 1 L.Ed.2d 86.

The patents in suit have been very profitable to the owners and have produced a prodigious amount of litigation. See: Cold Metal Process Co. v. Commissioner of Internal Revenue, 6 Cir., 247 F.2d 864 for a history of the litigation.

The Declaratory Judgments Act (28 U.S.C. § 400) does not contain any provision limiting the time within which the action may be brought.

Did the filing of the complaint in this action interrupt the running of the six year limitation period provided for in the patent statute against Cold Metal's counterclaim? 35 U.S.C. § 70.

No case determining the precise question was cited to the Court.

■ An examination of the complaint reveals that Bliss was invoking the jurisdiction of a Court of Equity to grant declaratory relief. The complaint contained all of the essential allegations of a bill in equity and affirmatively alleged that Bliss had no adequate remedy at law. It expressly alleged that the suit was "under the patent laws of the United States." It prayed "that this Court declare the rights and legal relationship of plaintiff and defendant as to the controversy herein set forth in order that such declaration shall have the force and effect of a final decree."

It further prayed that the Court adjudge the patents of Cold Metal to be invalid and not infringed by Bliss' mills and for injunction and other equitable relief.

The filing of the complaint, which was followed by the issuing and service of process, operated to commence the action.

The jurisdiction of the Court was thereby invoked and it acquired and retained jurisdiction for all purposes of the case. McGowan v. Parish, 237 U.S. 285, 35 S.Ct. 543, 59 L.Ed. 955; Allegheny Steel & Brass Corp. v. Elting, 7 Cir., 141 F.2d 148.

In Ohio Oil Co. v. Thompson, 8 Cir., 120 F.2d 831, at page 836, the court said:

> "Under Illinois law 'when a court of equity has jurisdiction of a cause . for one purpose, it will retain such jurisdiction for all related purposes', Martin v. Strubel, 367 Ill. 21, 10 N.E.2d 325, 326; and as an incident to a proceeding to quiet title the court may grant an injunction, order an accounting and award damages, Zeigler v. Brenneman, 237 Ill. 15, 86 N.E. 597. See also Bruner v. Hicks, 230 Ill. 536, 82 N.E. 888, 120 Am.St.Rep. 332".

In McCormick v. McCormick, 124 Ohio St. 440, at page 446, 179 N.E. 286, at page 289 Judge Allen said: "When equity had once taken jurisdiction of the suit to set aside the conveyances in fraud of dower, it properly retained that jurisdiction to afford complete relief." See: 20 Ohio Juris. (2d) § 39, p. 85.

■ Under the law of Ohio, if a counterclaim or set-off was not barred by the statute of limitations at the time of the commencement of the action in which it is pleaded, it will not become barred during the pendency of the action. National Retailers Mutual Ins. Co. v. Gross, 142 Ohio St. 132, 50 N.E.2d 258; McEwing v. James, 36 Ohio St. 152.

If the contention of Bliss is correct, the issues in this case have become moot with respect to 154 out of a total of 165 of its mills which are claimed to infringe the patents in suit.

■ We would have the anomalous situation of a statute of limitations which did not stop running after the action had been commenced and operating so as to deprive the Court of the jurisdiction which it had acquired before the statute had run.

The filing of the amended answer containing the counterclaim did not inject any new issue in the case. Simonetti v. Niagara Fire Ins. Co., D.C., 74 F. Supp. 726.

Under the issues raised by the complaint, the Court was called upon to determine the validity of the patents in suit and whether Bliss' mills infringed them. The counterclaim raised the identical issues.

This is not a case merely of a counterclaim, set-off or cross-claim arising out of the same transaction or occurrence which is the subject matter of the complaint. Both complaint and counterclaim seek the identical relief, namely, determination of the validity and infringement of the patents in suit. The cases cited by Bliss are distinguishable on this ground.

It is true that Cold Metal, in its counterclaim, prayed for an accounting, but this followed as an incident to the decree determining validity and infringement of the patents. The statute expressly provides: " * * * and upon a decree being rendered in any such case for an

infringement the complainant shall be entitled to recover, in addition to the profits to be accounted for by the defendant, the damages the complainant has sustained thereby; and the court shall assess the same * * *." 35 U.S.C. § 70 (29 Stat. 694).

Section 2 of the Declaratory Judgments Act in force at the time provided for further relief based on a declaratory judgment or decree whenever necessary or proper. The application shall be by petition on reasonable notice to the adverse party. 28 U.S.C. § 400.

This procedure was approved and followed by the Court of Appeals in Petersime Incubator Co. v. Bundy Incubator Co., 6 Cir., 135 F.2d 580.

Under the present Declaratory Judgments Act further relief is granted after reasonable notice and hearing. 28 U.S.C. § 2202. It is unnecessary to file a petition or application.

▮ The Declaratory Judgments Act merely introduced a new remedy. The substantive rights of the litigants were not changed thereby. The basic issues are the same.

▮ Prior to the Act, the owner of the patent sued for infringement. The infringer had no right to bring the suit. Now the infringer may, under the Declaratory Judgments Act, initiate the proceeding, bring the patent owner into court and compel a determination of the issues whether the patent is valid and infringed. Irrespective of who brings the action, the issues are the same. E. W. Bliss Co. v. Cold Metal Process Co., 6 Cir., 102 F.2d 105, 108; E. Edelmann & Co. v. Triple-A Specialty Co., 7 Cir., 88 F.2d 852; Aralac, Inc., v. Hat Corporation of America, 3 Cir., 166 F.2d 286.

It makes no difference in this case whether the limitation provided for in the patent statute (35 U.S.C. § 70) is considered as an ordinary statute of limitations or as a so-called "creation" statute, because in either respect the commencement of the action interrupted the running of the statute. This case does not involve any question of waiver of the limitation period.

In this case, the jurisdiction of the Court, once it had attached, was not divested by the lapse of time. The issues did not become moot. The filing of the counterclaim related back to the date when the complaint was filed. Cf. Rules 13 and 15(c) of the Federal Rules of Civil Procedure, 28 U.S.C.

It follows that the motion to dismiss must be overruled. An order may be entered accordingly.