HOUSEHOLD FINANCE CORPORATION, PLAINTIFF-APPELLEE, *v.*
STACY, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26182.   Decided February 7, 1963.

*Messrs. Spieth, Bell & McCurdy,* for plaintiff-appellee.
*Mr. John R. Shepherd,* for defendant-appellant.

(HUNSICKER, J., of the Ninth District, MIDDLETON and
YOUNGER, JJ., of the Third District, sitting by designation in the
Eighth District.)

HUNSICKER, P. J.   Household Finance Corporation filed an
action against Clinton Stacy in the Municipal Court of Cleve-
land, Ohio, for money only, alleged to be due and owing upon
a note given by Mr. Stacy to Household Finance Corporation.
The petition alleges that the money was loaned by reason of
certain misrepresentations made by Mr. Stacy to Household
Finance Corporation.

To the petition an answer was filed which said:

"Now comes the defendant and for his answer to plaintiff's petition denies each and every allegation therein contained."

Household Finance Corporation thereupon filed a motion to show cause why a default judgment should not be entered against Mr. Stacy for his failure to file an answer as required by Rule 16-A of the Cleveland Municipal Court.

The motion to show cause was granted, and Mr. Stacy was given leave to plead. Mr. Stacy refused to plead further, and a default judgment was rendered in favor of Household Finance Corporation.

It is from the judgment so rendered that an appeal on questions of law is lodged in this court by Mr. Stacy, who says that the Cleveland Municipal Court had no power to enact a rule which limits the right of a litigant to file a general denial, since such rule conflicts with Section 2309.13, Revised Code.

Rule 16-A of the Cleveland Municipal Court, in its pertinent part, reads as follows:

"It shall not be sufficient for a defendant (except in actions against executors, administrators and guardians upon claims arising before appointment) in his answer to deny generally the facts set forth in the petition * * *; but each party shall deny specifically each allegation of which he does not admit the truth, except allegations of damages, and every allegation of fact not denied specifically or by necessary implication shall be taken to be admitted. Any denial of any allegation of fact made by the opposite party must not be evasive, but must be positive and direct."

Section 2309.13, Revised Code, in part, says:

"The answer shall contain:

"(A) A general or specific denial of each material allegation of the petition controverted by the defendant;

"* * *."

Section 2309.01, Revised Code, says:

"The forms of pleading in civil actions in courts of record, and the rules by which their sufficiency shall be determined, are those prescribed in Sections 2309.02 to 2309.70, inclusive, Revised Code."

The Cleveland Municipal Court is a court of record.

Section 1901.21, Revised Code, in part, says, as to municipal courts:

"* * *

"In any civil case or proceeding if no special provision is made in Sections 1901.01 to 1901.38, inclusive, Revised Code, the practice and procedure shall be the same as in courts of common pleas. If no practice or procedure is provided for in the courts of common pleas, then the practice or procedure of justice of the peace courts (now amended to read "county courts") shall apply."

Sec. 1901.14, Revised Code, in part, says the judges of the municipal courts have power:

"* * *

"(B) To adopt, publish, and revise rules for the regulation of the practice and procedure of their respective courts, and for the selection and manner of summoning persons to serve as jurors in said court;

"(C) To adopt, publish, and revise rules relating to the administration of the court;

"* * * ."

It has long been the rule that sham pleadings may be stricken upon motion by counsel. See: *Butterick Publishing Co.* v. *Smith et al.*, 112 Ohio St., 73; *Thomas* v. *Kalbfus, Receiver*, 97 Ohio St., 232.

In the instant case, the general denial did not conform to Rule 16-A. This rule apparently was adopted to expedite the business of the Cleveland Municipal Court, where many suits are filed involving small sums of money. Where one is sued as an alleged debtor, and then denies the incorporation of the plaintiff, the execution of the note, the validity of a signature, and many other matters which do not go to the merits of the claim by means of a general denial, the result is to clog the courts with matters of proof that ought not to delay the court in its principal function, which is the settlement of controversies.

The rule here in question requires that a specific denial be made to each matter controverted. It does not say that a

defendant in an action may not deny matters alleged, but it does say that such matters must be separately denied, so that the limits of proof may be fixed, and a plaintiff then apprised of what he is required to produce when a trial is had.

Section 1901.14, Revised Code, grants specific power to the municipal judges to adopt rules for the regulation of the practice and procedure of their respective courts. Practice and procedure have been defined as the form or manner of conducting a suit. *Mahoning Valley Ry. Co. v. Santoro, Admr.*, 93 Ohio St, 53, at p. 57.

Black's Law Dictionary, Third Edition, says that "practice" is:

"* * *

"The form or mode of proceeding in courts of justice for the enforcement of rights or the redress of wrongs, as distinguished from the substantive law which gives the right or denounces the wrong. The form, manner, or order of instituting and conducting a suit or other judicial proceeding, through its successive stages to its end, in accordance with the rules and principles laid down by law or by the regulations and precedents of the courts. * * *"

"Procedure" is by the same dictionary defined as "That which regulates the formal steps in an action or other judicial proceeding; a form, manner, and order of conducting suits or prosecutions."

In the case of *Hower v. Vance et al.*, 144 Ohio St., 443, a rule of the Municipal Court of Akron, which was in conflict with the Code of Civil Procedure, was declared valid, because the judges of the municipal court had been granted the power to adopt the rule by the act creating the court.

In the case before us, a similar situation prevails, in that provision is made, under Section 1901.14, Revised Code, that, when power is given to the municipal judges in the Act (as in Section 1901.14 [B], Revised Code), to change the rules of practice and procedure set out in the Code of Civil Procedure, a rule so adopted shall be valid.

We therefore determine that statutory power was granted to the judges of the Municipal Court of Cleveland to adopt Rule 16-A, requiring that one who answers a petition must

deny specifically each allegation of which he does not admit the truth.

We have examined all claimed errors, and find none prejudicial to the rights of the appellant.

The judgment must be affirmed.

Judgment affirmed.

MIDDLETON and YOUNGER, JJ., concur.