See also, D.C., 363 F.Supp. 978.

**NATIONAL DAIRY PRODUCTS COR-PORATION, Plaintiff,**

v.

**The BORDEN COMPANY et al., Defendants.**

**No. 63–C–74.**

United States District Court, E. D. Wisconsin.

Aug. 10, 1973.

Edwin M. Luedeka, Fitch, Even, Tabin & Luedeka, C. Lee Cook, Chadwell, Keck, Kayser & Ruggles, Chicago, Ill., Paul R. Puerner, Michael, Best & Friedrich, Milwaukee, Wis., for National Dairy Products Corp. (now by change of name Kraftco Corporation).

Fred Wiviott, Robert P. Harland, Whyte, Hirschboeck, Minahan, Harding & Harland, Patrick W. Cotter, Brady, Tyrrell, Cotter & Cutler, Milwaukee, Wis., for Interim Development Co., Inc. and Hayssen Mfg. Co., a Delaware corp.

Robert A. Downing, Sidley & Austin, Chicago, Ill., David J. Hase, Cook & Franke, Milwaukee, Wis., for The Borden Co.

MYRON L. GORDON, District Judge.

The plaintiff, National Dairy Products Corporation (Kraftco) has moved, pursuant to Rule 12, Federal Rules of Civil Procedure, for an order dismissing the counterclaim of the defendant Borden Company (Borden) primarily upon statute of limitation grounds. The parties' positions have been fully briefed. It is my conclusion that the plaintiff's motion to dismiss should be granted. Therefore, the plaintiff's alternative motion for a severance of the issues presented by the counterclaim, pursuant to Rule 42(b), need not be considered.

Kraftco invokes the four year statute of limitations under § 4(b) of the Clayton Act, 15 U.S.C. § 15(b), contending that the Borden anti-trust counterclaim is barred, as having been filed some six years after the viable matters alleged therein occurred. An understanding of the somewhat complex and convoluted procedural posture of this case will be helpful in discussing the limitations issue.

Kraftco instituted this case on May 2, 1962, alleging infringement by the defendants Borden and Hayssen Manufacturing Company (Hayssen) of Kraftco's patent. On May 21, 1962, a joint answer was filed on behalf of both Borden and Hayssen. Hayssen had earlier undertaken to provide a defense in the action for Borden and to hold it harmless; Hayssen renounced this arrangement in May, 1968.

In August, 1963, the court entered an order staying further proceedings ". . . in the cases on the issue of an infringement and the misuse defense until after the validity trial." The purpose of the stay order, which remained effective until November, 1968, was to consolidate the cases on the issue of validity and to limit discovery; it did not prohibit the filing of pleadings on the other issues. In fact, in July, 1964, Hayssen and Borden again joined in the submission of a formal pleading. This time they filed an "Amended Response Of The Borden Company and Hayssen Manufacturing Company"; it was

signed by the attorneys for both Hayssen and Borden. This motion was denied without prejudice to the right of the defendants, The Borden Company and Hayssen Manufacturing Company, to file a future motion to amend their answers.

In September, 1964, Hayssen, which was not joined by Borden this time, filed a "Renewed Motion By The Defendant Hayssen . . . To Amend Its Complaint". The "Amendment Of Its Answer By Defendant Hayssen . . ." was allowed and was filed in September, 1964. This amended answer of Hayssen included a counterclaim essentially identical to the challenged counterclaim that was filed by Borden in 1969. Whether Borden's failure to join with Hayssen on the amended answer in 1964 represented conscious strategy, a drafting oversight, or Borden's estimate that it was enough that its then indemnitor, Hayssen, was carrying the ball in its behalf, is uncertain. In any event, it is clear that two private parties cannot, by agreement, abrogate the statute of limitations on a claim against a third party. That its reliance upon the ability of its indemnitor, also a party to the action, to follow through on its behalf may have been misplaced, does not operate to preserve Borden's claim as against Kraftco after the passage of the limitations period.

It was not until April 30, 1969, six years after most of the matters alleged therein occurred, and six months after its indemnitor, Hayssen, allegedly reneged, that Borden filed the counterclaim which is the object of the instant motion to dismiss. As noted, the Borden counterclaim of 1969 contains allegations of misuse similar to those made by Hayssen in its amended answer of 1964. Hayssen abandoned the 1964 counterclaim when it failed to reassert it in its answer to Kraftco's amended complaint in 1968.

No new substantive allegations concerning Borden were made in Kraftco's amended complaint of 1968. Kraftco's amended and supplemental complaint merely realigned and added parties defendant with respect to the infringement issues remaining in the aftermath of recent litigation which upheld the validity of its patent. See National Dairy Products Corporation v. Borden, et al., 394 F.2d 887 (7th Cir. 1968), reversing 261 F.Supp. 771 (E.D.Wis.1966).

It is not disputed that the submission of the license offers and the filing of this suit (the acts constituting the attempts to monopolize which are alleged in the Borden counterclaim) took place more than four years prior to the assertion by Borden of its 1969 counterclaim. Moreover, Borden's counterclaim is based on the same alleged conduct of the plaintiff which had been asserted in Hayssen's now defunct counterclaim filed in 1964.

I am convinced that the counterclaim is barred by the statute. In the first place, the stay order entered by the court in 1963 did not toll the limitation period as to the claims alleged in the Borden counterclaim. The fact that Hayssen repudiated its indemnity agreement with Borden in May, 1968, is inapposite. Regardless of the arrangement with Hayssen, the anti-trust cause of action which Borden alleges as against Kraftco matured at the time Kraftco instituted the suit against Borden in 1962. See Dairy Foods, Inc. v. Dairy Maid Products Corp., 297 F.2d 805 (7th Cir. 1961). If any cause of action accrued to Borden in 1968, it was as against Hayssen, upon the contract of indemnification. Borden's theory that its indemnification agreement with Hayssen somehow operated to toll the statute of limitations on its anti-trust counterclaim is without merit.

Borden's argument that its present counterclaim "relates back" under Rule 15(c), Federal Rules of Civil Procedure, to the 1964 Hayssen pleading is also without merit. There exists no prior pleading by Borden in this case which could support a relation back, even if Rule 15(c) were otherwise appli-

cable. However, Rule 13(f), not Rule 15(c), covers the "omitted counterclaim" situation, and Rule 13(f) provides no authority to allow the assertion of an affirmative counterclaim after the bar of the statute of limitations. See Gumienik v. Lund, 314 F.Supp. 749 (W.D.Pa. 1970) and Moore, Federal Practice, ¶ 13.33 n. 6 (1972 Cum.Supp.).

■ Borden has set out an anti-trust counterclaim, pursuant to 15 U.S.C. § 2. The counterclaim alleges misuse on the part of Kraftco, contending that Kraftco has filed and continues to prosecute this lawsuit as a part of a scheme unlawfully to extend the scope of its patent for the purpose of limiting or excluding competitors from the relevant market. Since the underlying evidence which Borden might adduce to support this counterclaim would not be the same as that evidence supporting the allegations in the main patent infringement action, a tolling of the statute of limitations on the counterclaim is not warranted. See Cold Metal Process Co. v. E. W. Bliss Co., 156 F.Supp. 63 (N.D.Ohio 1957), aff'd 285 F.2d 231 (6th Cir. 1960).

■ It should be noted that the only instance of alleged illegal conduct cited in Borden's counterclaim that took place within the limitations period concerns the royalty rates offered by Kraftco in settlement negotiations held under the supervision of this court in 1968–69. This came in the aftermath of the decision upholding the validity of the Kraftco patent. The suggestion that these court-requested and supervised settlement negotiations can form the basis for a claim of violation of the anti-trust laws is unacceptable.

The defendant Borden's belated attempt in 1969 to assert the very claim that it, for some reason, declined to make in 1964 must fail. Since its cause of action accrued in 1962, the four year statute of limitations applicable here was never tolled, and the instant counterclaim cannot be said to relate back to any prior pleading under any theory of law.

Therefore, it is ordered that the plaintiff's motion to dismiss the defendant Borden's counterclaim be and hereby is granted.