## UNITED STATES v. BEARING DIS-TRIBUTORS CO. et al.
### No. 6895.

United States District Court
W. D. Missouri, W. D.

Sept. 14, 1951.

Horace L. Flurry, George E. Leonard and Fred D. Turnage, Trial Attys. U. S. Dept. of Justice, Anti-trust Division, all of Kansas City, Kan., Sam M. Wear, U. S. Atty., Kansas City, Mo., for plaintiff.

Madden & Burke, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

By its action the government seeks to enjoin the defendants against violations of the law against monopolies and combinations as provided by Sections 1 and 2, Title 15 U.S.C.A.

The specific authority for such proceeding is conferred by Section 4 of said Title 15 U.S.C.A. as follows: "The several district courts of the United States are invested with jurisdiction to prevent and restrain violations of sections 1–7 of this title; and it shall be the duty of the several district attorneys of the United States, in their respective districts, under the direction of the Attorney General, to institute proceedings in equity to prevent and restrain such violations."

Such an action, as stated, has been filed in this court and the several defendants, or one of them, has filed the above mentioned motion to strike or for a more definite statement in relation to the averments of a conspiracy. The substance of the averments are that: " * * * the defendants and others to the plaintiff unknown have contracted, combined and conspired to restrain the above-described interstate trade and commerce in the manufacture, sale and distribution of tractor cabs in violation of Section 1 of the Sherman Act."

This was followed by practically identical averments in respect of violations under Section 2 of said Act.

In the motion to strike it is alleged that: "Said averment should be stricken as a conclusion or made more definite and certain by the allegation of facts rather than a conclusion of law."

1. Able counsel for the movant cited many cases in support of the motion. Practically all of these cases were rulings made prior to the promulgation of the New Rules of Civil Procedure, 28 U.S.C.A., and particularly Rule 8 in reference to the contents of pleadings.

The last authoritative case relied upon by counsel was that of Black & Yates v. Ma-

hogany Ass'n, 3 Cir., 129 F.2d 227, loc.cit. 231, 148 A.L.R. 841. It is true that in that opinion the author used the following language: "A general allegation of conspiracy without a statement of the facts is an allegation of a legal conclusion and insufficient of itself to constitute a cause of action."

However, this ruling was expressly overruled on a rehearing of the case before a full court. Judge Biggs, who delivered the opinion on rehearing, used this language, 129 F.2d loc.cit. 236: "The issue of unfair competition was not clearly disposed of in our first opinion. We conclude now that the allegations of the complaint viewed in the light of Rule 8 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, are sufficient to support a charge of unfair competition committed pursuant to the joint acts of the defendants and others. The courts of the United States have granted the remedy of an injunction under such circumstances."

And, in the case of Mims v. Central Mfrs. Mut. Ins. Co., 5 Cir., 178 F.2d 56, loc. cit. 59, the court said, in construing Rule 8 of the Federal Rules of Civil Procedure: " * * * generally speaking, the rules of strict construction are not now of force, and unless it affirmatively appears; not from what is omitted to be alleged, but from what is actually alleged, that there is no valid claim or defense, a failure to sustain a motion to dismiss or to strike may not in and of itself be assigned as reversible error."

It would follow that the motion to strike should be overruled.

2. In the alternative, the moving defendant seeks a more definite statement of the conspiracy averment. There is nothing ambiguous in the averment of the government. As above quoted, the complaint clearly avers a combination and conspiracy to restrain interstate commerce and interstate trade. This fully advises the movant of the charge. The Rules of Civil Procedure providing for a more definite statement is only intended to clarify averments of the complaint. In the absence of ambiguities such a motion does not lie.

The motion in this case called for a detail of facts and it should be recalled that the rule with relation to particulars in pleadings has been deleted and no longer constitutes the law in the federal courts.

The motion for a more definite statement should also be overruled and it will be so ordered.