Charles W. GASSWINT, Mason City Tent & Awning Company, Waterloo Tent & Awning Company, and Mankato Tent & Awning Company, Plaintiffs,

v.

Clyde E. CLAPPER, Robert D. McCarthy, Comfort Equipment Company, and Burch Manufacturing Company, Inc., Defendants.

No. 9178.

United States District Court
W. D. Missouri W. D.

March 8, 1955.

Margolin & Kirwan, Kansas City, Mo., for plaintiffs.

Thomas E. Scofield, Kansas City, Mo., for defendants Clapper and Burch Mfg. Co.

Madden & Burke, Kansas City, Mo., for defendants McCarthy and Comfort Equipment Co.

RIDGE, District Judge.

Action by Charles W. Gasswint and the three corporations in which he is interested, for treble damages under Section Four of the Clayton Act, 15 U.S. C.A. § 15.

Specifically, the complaint, after setting forth the history of the issuance of defendants' patent rights, alleges that the defendants have engaged in a combination and conspiracy to monopolize and restrain the sale and distribution of tractor cabs through the use of certain monopolistic practices, cross-licensing of patent rights, price-fixing, threatening potential competitors with patent in-fringement suits, and consistent refusal to license their patent rights to persons not members of the alleged conspiracy; and that, as a consequence, plaintiffs have been forced to abandon their competing business to their actual damage.

1. *Motions by Defendants McCarthy and Comfort Equipment Company to Dismiss.*

The first motion pending for our consideration is one by defendants McCarthy and Comfort Equipment Company to dismiss the complaint.

Several grounds are urged in support of such motion, the first of which can only be said to be that the several parties plaintiff are improperly joined. Such, of course, is not a proper ground for a motion to dismiss, Rule 21, Federal Rules of Civil Procedure, 28 U.S. C.A. The joinder of the present plaintiffs is clearly within the meaning of Rule 20(a), authorizing joinder as parties plaintiff all persons asserting several claims to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action." Here, each of the plaintiffs' claims are based upon the same transactions and occurrences, each seeks the same relief, the questions of law and fact are common to all of them, and they are united in interest. The only defect in the complaint is that a single or suppositious claim for damages is alleged, when the complaint reveals that the claim for damages asserted can only be several and separate. Notwithstanding the joinder allowed, because of the exigency of the situation in United Mine Workers of America v. Coronado Coal Co., 259 U.S. 344, 42 S.Ct. 570, 66 L.Ed. 975, we think that Farmers Co-Op. Oil Co. v. Socony-Vacuum Oil Co., 8 Cir., 133 F.2d 101, makes it clear that when several non-legally separated plaintiffs join in a single action for damages because of the same violation of the Sherman and Clayton Acts, the complaint must allege the damages each such

plaintiff individually sustained and seeks to recover for such violation. From the allegations of the instant complaint it does not appear that plaintiffs can make claim for loss of any joint damages sustained. Therefore, the complaint must be amended to reveal their several claims. The plaintiffs will be given 20 days in which to make such an amendment to the instant complaint.

The second ground in support of the motion concerns the effect of *res judicata* as the result of a judgment entered in patent infringement litigation between these parties. It appears that as soon as plaintiffs began the manufacture of tractor cabs in 1947 they were faced with a claim by defendants that such product infringed upon defendants' patent rights and with threats of suit for such claimed infringement. In 1950, the dispute was resolved by an agreement between the parties which plaintiffs now allege to have been obtained by "threats, intimidation, and coercion," and by which the plaintiffs, for the consideration of being allowed to market their product for another year, agreed to submit to the entry of a consent decree against them adjudging defendants' patents valid and the plaintiffs in infringement thereof. Such a consent decree was entered by the United States District Court for the Northern District of Iowa, on April 10, 1950. Defendants, relying on Hancock Oil Co. v. Universal Oil Products, 9 Cir., 1940, 115 F.2d 45, contend that said judgment bars the present action under the doctrine of *res judicata,* since the present claim for damages under the anti-trust laws could then have been asserted as an affirmative defense, or by way of counterclaim, and plaintiffs having failed to take either step are now debarred from prosecuting the instant claim.

Defendants' contentions are without merit and fully answered by the case of Mercoid Corp. v. Mid-Continent Inv. Co., 320 U.S. 661, 64 S.Ct. 268, 274, 88 L.Ed. 376. There, the defendants, charged with contributory patent infringement, counterclaimed for treble damages under the Clayton Act for misuse of the patents; the plaintiff then pleaded *res judicata* since the defendant had not raised such claim in previous litigation as to the patent's validity. The Supreme Court dismissed that contention, holding, in addition to declaring that such a counterclaim was "permissive" under Rule 13 (b), rather than "compulsory" under Rule 13(a), that the doctrine of *res judicata* was not applicable, since a claim under the anti-trust laws "is more than a defense, it is a separate statutory cause of action" which need not be asserted in defense of the prior action:

"Though Mercoid were barred in the present case from asserting any defense which might have been interposed in the earlier litigation, it would not follow, that its counterclaim for damages would likewise be barred. That claim for damages is more than a defense; it is a separate statutory cause of action. The fact that it might have been asserted as a counterclaim in the prior suit by reason of Rule 13(b) of the Rules of Civil Procedure * * * does not mean that the failure to do so renders the prior judgment res judicata as respects it. (Citation.) The case is then governed by the principle that where the second cause of action between the parties is upon a different claim the prior judgment is *res judicata* not as to the issues which might have been tendered but 'only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.' "

 It has long been the law that it is no defense to a complaint for alleged infringement of a patent that the plaintiff has entered into a combination or conspiracy to use the patent in violation of the anti-trust laws. See Walker on Patents, Vol. 2, p. 1590, § 409, and cases there cited. If a patentee makes

use of his patent monopoly so as to violate the anti-trust laws, that is cause for equity to "withhold its assistance from such a use of the patent by declining to entertain a suit for infringement * * * until it is made to appear that the improper practice has been abandoned and that the consequences of the misuse of the patent have been dissipated." Morton Salt Co. v. G. S. Suppiger Co., 314 U.S. 488, 493, 62 S.Ct. 402, 405, 86 L.Ed. 363. But that is not to say that when such a matter is raised and presented to a court of equity in an infringement action it is an absolute defense to the claim of infringement and that the infringer may make use of the patent with immunity. "There is no law that one who restrains trade forfeits one's property to any person who chooses to take it." Radio Corporation of America v. Hygrade Sylvania Corporation, D. C., 10 F.Supp. 879, 883. "It is the adverse effect upon the public interest of a successful infringement suit in conjunction with the patentee's course of conduct which disqualifies him to maintain the (infringement) suit," and such matter may be presented to the court in which the infringement suit is commenced, "regardless of whether the particular defendant has suffered from the misuse of the patent." Morton Salt Co. v. G. S. Suppiger Co., supra, 314 U.S. 494, 62 S.Ct. 406. Hence, when (such) a proposition is raised it is unnecessary to decide whether the defendant has, or has not, a claim for damages against the patentee for violation of the anti-trust laws. That is a question outside the patent law but which, under improved procedure, can be involved in the infringement case if presented by way of a permissive counterclaim.

However much criticized, it cannot be doubted that Mercoid Corp. v. Mid-Continent Inv. Co., supra, is controlling authority that a counterclaim made under such circumstances is only a "permissive" one which is not barred for failure to assert it in the prior action

for patent infringement. Cf. Switzer Brothers v. Locklin, 7 Cir., 207 F.2d 483; Douglas v. Wisconsin Alumni Research Foundation, D.C., 81 F.Supp. 167, 170. In the Douglas case the court said: "Apparently, it was the intention of the Supreme Court to remove this particular type of counterclaim from the dictates of Rule 13(a) in the interest of public policy." That is not necessarily so. A claim for treble damages under the Sherman Act is separate and distinct from any transaction that is involved in an infringement suit, and, being so, it is a permissible counterclaim, by classification under Rule 13(b), which is not lost if not asserted in the infringement action, even if then subsisting.

Under the authorities above cited, and United States v. International Building Co., 345 U.S. 502, 73 S.Ct. 807, 97 L.Ed. 1182, the doctrine of *res judicata* raised by defendant cannot, and does not, bar the present action.

Defendants also contend that they cannot be held liable for the acts complained of by plaintiffs since they were all done pursuant to the above-mentioned decree, and that to now hold such acts illegal would constitute a collateral attack upon such decree. We do not have the decree or the pleadings leading up thereto presently before us, hence we are not to be understood as determining the applicability, competency or legal effect such decree may have in this case; other than the ruling above, that it cannot be *res judicata* of plaintiffs' claim. It is not remiss to say, however, that acceptance of the contention made by defendants would appear to require a ruling that a potential anti-trust law violator would be able to secure absolute immunity from liability for all of his anti-trust wrongs by simply inducing one of his victims to submit to a consent decree. That, of course, is not the law. As we understand the plaintiffs' claims, they are not contesting the validity and binding effect of the decree in question. Rather, they admit it and at-

tempt to use it as one of the means to make proof by which the defendants were able to effect the alleged monopoly. From the record before us, it appears that decree only adjudicated what was actually litigated in that action, namely, the validity of the patent as between these parties. It did not adjudicate the sum total of defendants' acts under the anti-trust laws. Misuse of valid patent rights is an effective means of restraining trade. United States v. Line Material Co., 333 U.S. 287, 68 S.Ct. 550, 92 L.Ed. 701; Hartford-Empire Co. v. United States, 323 U.S. 386, 65 S.Ct. 373, 89 L.Ed. 322; Transparent-Wrap Mach. Corp. v. Stokes & Smith Co., 329 U.S. 637, 67 S.Ct. 610, 91 L.Ed. 563. In the present action, it appears we will be called upon to view the total effect of defendants' actions as unreasonably affecting the competitive market, notwithstanding the legality of their patent. American Tobacco Co. v. United States, 328 U.S. 781, 66 S.Ct. 1125, 90 L.Ed. 1575.

For all the reasons above given, the motion to dismiss must be, and hereby is, overruled.

2. *Formal Motions Directed at the Complaint.*

The remaining motions, all submitted in the name of the defendant Clapper, deal with the form of the complaint.

(A) *Motion to Dismiss for Failure to State a Claim.*

This motion constitutes a general attack upon the sufficiency of the complaint. After copious citations, defendant Clapper concludes that a complaint for treble damages must allege both a violation of the anti-trust laws and damage to the individual; he claims that the present complaint is not sufficient in either respect.

■ A review of the instant complaint shows that paragraphs fifteen to twenty-one, twenty-three, and twenty-four charge defendants with substantive violations of the anti-trust laws; paragraphs twenty-five to twenty-nine contain the bases for plaintiffs' claim for damages. The violation charged and damages claimed are such that, if proved, it could hardly be said that it would be certain that the plaintiffs would be entitled to no relief under any state of facts which could be proved in support of the claim. Dennis v. Village of Tonka Bay, 8 Cir., 151 F.2d 411. Therefore, defendant Clapper's motion to dismiss the complaint cannot be sustained on that score.

■ In answer to the defendants' contention that some of the acts complained of were "normal to the enforcement of patent rights," it is noted that the acts referred to have already been enjoined by this Court as being in violation of the anti-trust laws, United States v. Bearing Distributors Co., D.C., 11 F.R.D. 591, the predecessor of the present defendant Comfort Equipment Co., in Civil Action No. 6895. As we perceive plaintiffs' claim, it is premised on the same acts that have been so declared illegal by this Court. But such is gleaned only as an inference when the instant allegations of the complaint are considered in the light of the exhibits attached thereto and the terms of the decree, supra. Notwithstanding Rule 8, F.R.C.P., in litigation of this character, it is essential to a proper statement of claim that the plaintiff particularize to some extent the impact of a violation of the anti-trust laws upon its "business or property" so that a clear theory of claim is evidenced in a complaint. Notwithstanding the inference to be made therefrom, as above, we do not believe that plaintiffs have set forth such a detailed statement of their claim in the instant complaint. In fact, in their suggestions filed in opposition to the instant motion they admit that they have not "exposed at this stage" of the case how the agreement of August 3–4, 1948 is premised in the scheme of the defendants "to restrain the manufacture of the products involved" and worked "to the great damage of the plaintiffs." We think that it is essential that the plaintiffs make that matter

**315**

clear in their complaint at this time. Though the complaint may be immune to the instant motion to dismiss, it is necessary that this Court be informed of plaintiffs' theory of claim in sufficient detail so the Court may give proper guidance to these proceedings in the future. The Court cannot do so if it must rely on inference only.

Therefore, plaintiffs are directed to file an amended complaint herein, "analyzing in detail the terms of the agreement of August 3–4, 1948 and * * * expose * * * the use of that agreement in the scheme to restrain the manufacture of the products involved to the * * * damage of the plaintiffs" and any other impact of the conspiracy charged upon their business, to their separately stated damages.

Defendant Clapper's motion to dismiss is overruled.

(B) *Motion for a More Definite Statement.*

What is said above disposes of this motion by defendant Clapper. Said motion to make more definite and certain is by the Court overruled.

(C) *Motion to Strike Portions of the Complaint.*

Defendant Clapper next moves to strike from the complaint, as being immaterial and redundant within the meaning of Rule 12(f), the paragraphs of the complaint numbered nineteen and twenty and, in paragraph one, the jurisdictional references to Sections 14 and 26 of Title 15, United States Code.

■■■ Plaintiffs allege that their complaint is "instituted under Sections 1, 4, 14, 15, 22, and 26, of Title 15, U.S. Code." Section 14 was added to the Clayton Act to prohibit the use of "tying clauses" in sales, leases, and contracts to sell. International Business Machines Corp. v. United States, 298 U.S. 131, 56 S.Ct. 701, 80 L.Ed. 1085; United Shoe Mach. Corp. v. United States, 258 U.S. 451, 42 S.Ct. 363, 66 L.Ed. 708. The misuse of patents is one of the common

ways in which this section may be violated. Cf. Transparent-Wrap Mach. Corp. v. Stokes & Smith, supra. The possibility that the license agreements here complained of may be affected by this section is present and the plaintiffs should be allowed to present their evidence with respect thereto. The reference to Section 26 of the Act does, however, appear to be immaterial. That section provides injunctive relief to private parties against threatened damage by reason of anti-trust violations; no claim for any such relief has been made here. Plaintiffs' claim is for a total destruction of business. An injunction could not breathe life therein.

■■■ Defendant attacks paragraphs nineteen and twenty of the complaint as being redundant in that they are summations of the agreements here involved since the documents themselves are attached to the complaint as exhibits. There is no cause for striking those parts of the complaint. In fact, that is what the Court has suggested plaintiff do, only in greater detail. It will be helpful in the trial of this case, since in so doing the plaintiffs will have specified those portions of the agreements, one of which is over ten pages in length, which they contend violate the statute, and have their claim focused with respect thereto.

Accordingly, in absence of any showing of prejudice to the defendants, this motion is also denied.

In summary, each of the motions of the various defendants is denied for the reasons above given.

■■■ The parties hereto have already undertaken to resort to the discovery provisions of the Rules of Civil Procedure. It is not improper that they have done so, before issue has been joined herein. However, it has been the experience of this Court that in actions of this type much time and effort of counsel may be saved; better, effective and proper discovery may be had; and the case prepared for trial more expeditiously if

counsel be limited to considering matters of discovery at pre-trial conferences, instead of unlimited resort to the discovery rules. Therefore, in the interest of justice, the Court now orders that further resort to discovery under the Rules of Civil Procedure be stayed until further order of the Court. When issue has been joined, a pre-trial conference will be set herein, at which admissions may be requested and discovery openly discussed, to the end that your labors and that of the Court be limited to the issues which are only found to be in dispute between the parties. It Is So Ordered.