**AEROJET–GENERAL CORPORATION,**
a corporation, Plaintiff,

v.

**AERO–JET PRODUCTS CORPORATION**
and
**Plasti-Kote, Inc., corporations,**
Defendants.

**Civ. A. No. C 62–899.**

United States District Court
N. D. Ohio, E. D.
May 8, 1963.

Richard E. Guster, C. G. Roetzel, and Wise, Roetzel, Maxon, Kelly & Andress, Akron, Ohio, D. Gordon Angus, Pasadena, Cal., for plaintiff.

Robert J. Fay, Fay & Fay, Cleveland, Ohio, for defendants.

KALBFLEISCH, District Judge.

Plaintiff, Aerojet-General Corporation, has brought this action, based upon an alleged violation of its trademark, against Aero-Jet Products Corporation and Plasti-Kote, Inc. Defendants have filed a counterclaim charging a violation of the Sherman Act by the plaintiff and the General Tire and Rubber Company, of which the plaintiff is a wholly-owned subsidiary. And, among other defenses to the plaintiff's petition, the defendants have raised the contention that the plaintiff. is barred from recovery because of the equitable doctrine of unclean hands. This defense is based upon the same alleged violation of the Sherman Act as the counterclaim. Aerojet-General Corporation has moved to strike the defense of unclean hands and to dismiss the counterclaim, and has opposed the motion to make the General Tire and Rubber Company a defendant to the counterclaim.

In sections of its brief Aerojet-General Corporation professes to be unable to understand the nature of the defense and counterclaim. The Court finds no such difficulty.

█ Defendants claim that the General Tire and Rubber Company is in competition with the defendants, although they do not allege that Aerojet-General Corporation is in such competition. The counterclaim alleges that the General Tire and Rubber Company entered into a conspiracy with its subsidiary, Aerojet-General Corporation, whereby Aerojet-General Corporation would use its trademark for the purpose of hindering the defendants in their competition with the General Tire and Rubber Company. The counterclaim further alleges that this conspiracy and the actions taken in pursuance of it are in violation of the Sherman Act, and to the public detriment, and therefore the defendants are entitled to treble damages. The defense of unclean hands is based upon similar allegations.

Any contention that the allegations in the pleadings are so general in nature that they fail to inform the opposing party of the nature of the claim asserted is without merit.

█ The Aerojet-General Corporation has objected to the defense and counterclaim upon the further basis that the defendants have not stated either a valid defense or a cause of action. It contends that the defense, and counterclaim are novel in nature, differing from any claims previously made under the Sherman Act. In support of this contention, Aerojet-General Corporation states in its brief, "There are no authorities known holding that there is any violation of any law where the circumstances are as alleged in the Defendants' counterclaim * * *." An unstated corollary to this statement is that there appear to be no authorities holding that such circumstances do not violate any law.

If this case does present a factual situation differing from any others previously adjudicated, all the more reason exists for the Court's refusing to hold, on the bare allegations of the pleadings, that such facts cannot, as a matter of law, present a claim for relief under the Sherman Act. Such a decision could be made only after the facts are carefully

ascertained and the fully developed law is applied to those facts. See White Motor Co. v. United States, 372 U.S. 253, 83 S.Ct. 696, 9 L.Ed.2d 738 (1963).

Furthermore, it cannot be said, as a matter of law, that at no time can a parent corporation conspire with its subsidiary in violation of the Antitrust laws. United States v. Timken Roller Bearing Co., 341 U.S. 593, 71 S.Ct. 971, 95 L.Ed. 1199 (1951); cf. Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, 340 U.S. 211, 71 S.Ct. 259, 95 L.Ed. 219 (1951).

Therefore, Aerojet-General Corporation's objections to the answer and counterclaim on the basis that no defense or claim has been stated will be overruled.

■ Aerojet-General Corporation has also urged that the factual allegations of the counterclaim are insufficient to state a claim for relief under Rule 8(a), Federal Rules of Civil Procedure. The gist of this contention is that the counterclaim pleads no facts, but only conclusions. An example of the pleadings is given by paragraph six of the counterclaim, which alleges:

"The Plaintiff and the General Tire and Rubber Company have conspired and otherwise combined to use Plaintiff's trademark 'Aerojet' as a means for restraining and otherwise hindering Defendants' business to thereby gain an unlawful competitive advantage for the product line of the General Tire and Rubber Company to the great detriment of Defendants."

Aerojet-General Corporation's contention that the counterclaim fails to state sufficient facts is incorrect. See Judge Clark's discussion of the problems of antitrust pleading in Nagler v. Admiral Corp., 248 F.2d 319 (1957), in which the Court of Appeals of the Second Circuit overruled a long line of developed authority in the Southern District of New York which had held much the same position as Aerojet-General is here advancing. The Nagler opinion was cited and followed in Niagara of Buffalo v. Niagara Manufacturing and Distributing Corp., 262 F.2d 106 (2nd Cir., 1958). See also Package Closure Corp. v. Sealright, 141 F.2d 972 (2nd Cir., 1944, Frank, J.); Brownlee v. Malco Theatres, 99 F.Supp. 312 (W.D.Ark., 1951); United States v. Bearing Distributors Co., 11 F.R.D. 591 (Mo., 1951).

The Aerojet-General Corporation also contends that the counterclaim does not state a claim for relief because the allegations of damages are insufficient, both in that they fail to give details of the damages and further fail to state that the damages resulted from the Act's violation. The second paragraph of the counterclaim states:

"* * * this counterclaim seeks relief under Sections 1 to 6 of the Sherman Anti-trust Act, 15 U.S.C.A., for damages sustained by Defendants resulting from an attempt to monopolize and otherwise restrain trade or commerce among the several states or with foreign nations * * *."

Paragraph six alleges that the Aerojet-General Corporation and the General Tire and Rubber Company conspired to use Aerojet-General Corporation's trademark to restrain the defendants' business and "gain an unlawful competitive advantage for the product line of the General Tire and Rubber Company to the great detriment of Defendants." This is a sufficient allegation to meet the requirements of Rule 8(a), Federal Rules of Civil Procedure. In addition to the cases cited above, see Dairy Foods, Inc. v. Dairy Maid Products Cooperative v. Carnation Co., 297 F.2d 805 (7th Cir., 1961).

These objections to the pleadings furnish another instance of the widespread dissatisfaction, often expressed by Judge Clark of the Second Circuit (see

for instance "Special Pleading in the 'Big Case'," 21 F.R.D. 45), with attempts to demand overtechnical rules of pleading. Pretrial and discovery procedures are available to the plaintiff.

The Aerojet-General Corporation has also objected to the General Tire and Rubber Company's being brought in as a defendant to the counterclaim, General Tire and Rubber not having previously been a party to this suit. Rule 13(h) provides, in pertinent part:

> "When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants * * *."

In determining whether a party can be brought in pursuant to this rule, many courts have differed on whether this provision permits the entry of only such parties as the rules of party joinder would make indispensable defendants, or whether it also permits the bringing in of defendants whose joinder would be permissive, but not compulsory, if the counterclaim were an independent suit. However, Rule 13(h) does not refer to the permissive or indispensable party concept. The more liberal view, and the one which has been adopted in at least one case in this District, is that in situations such as this, where a conspiracy is alleged, the co-conspirators may be joined under Rule 13(h). Norge Sales Corp. v. G. & W. Distributing Co., 206 F.Supp. 827 (N.D.Ohio, 1962, Green, J.); see also S.P.A. Ricordi Officine Grafiche v. World Art Reproductions Co., 22 F.R.D. 312 (S.D.N.Y., 1958); Value Line Fund v. Marcus, et al., 161 F.Supp. 533 (S.D. N.Y., 1958).

The motions of the Aerojet-General Corporation to dismiss the counterclaim and to strike the defendants' defense of unclean hands will be overruled. The General Tire and Rubber Company will be made a defendant to the counterclaim.