The MOORE COMPANY OF SIKESTON, MISSOURI, a corporation, and J. E. Moore, Jr., Plaintiffs,

v.

SID RICHARDSON CARBON & GASO-LINE CO. (formerly known as Sid Richardson Carbon Company), a corporation, Defendant.

No. S 61 C 58.

United States District Court
E. D. Missouri,
Southeastern Division.

Oct. 30, 1964.

Weber Gilmore, Sikeston, Mo., Paul B. Rava, St. Louis, Mo., Rufus Garrett, Ft. Worth, Tex., for plaintiffs.

Finch, Finch, Knehans, Cape Girardeau, Mo., for defendant.

MEREDITH, District Judge.

This matter is pending before this Court on defendant's motion for summary judgment on the plaintiff's private suit for treble damages under the Robinson-Patman Act and the Clayton Act.

The defendant's motion for summary judgment is based upon three grounds:

1. The statute of limitations bars plaintiffs' claims;

2. The record shows that there was no injury to competition upon which plaintiffs' cause of action could be based;

3. The claim of plaintiff, The Moore Company of Sikeston, was a compulsory counterclaim which it failed to assert in a prior suit and is, therefore, barred.

The third ground of the defendant's motion for a summary judgment is not valid. In Mercoid Corp. v. Mid-Continent Inv. Co., 320 U.S. 661, l. c. 671, 64 S.Ct. 268, l. c. 274, 88 L.Ed. 376 (1944), the Supreme Court held that a private claim for treble damages under § 4 of the Clayton Act, 15 U.S.C.A. § 15:

"* * * is a separate statutory cause of action. The fact that it might have been asserted as a counterclaim in the prior suit by reason of Rule 13(b) of the Rules of Civil

Procedure, does not mean that the failure to do so renders the prior judgment res judicata as respects it."

Also see Switzer Bros. v. Locklin, 207 F.2d 483, 488 (C.A. 7, 1953), and Gasswint v. Clapper, 17 F.R.D. 309, 313 (D.C. W.D.Mo., 1955).

The plaintiffs attached to their brief in opposition to defendant's motion for summary judgment a number of letters indicating that discounts were given to plaintiffs' competitor but not to the plaintiffs. Therefore, the defendant's second ground for summary judgment fails.

The remaining ground raised by the defendant for summary judgment is that the plaintiffs' claim is barred by the statute of limitations. The acts the plaintiffs allege are in violation of Title 15 U.S.C. § 13 occurred between October 23, 1957, through and inclusive of August 1959. Under Title 15 U.S.C. § 15b, there is a four-year statute of limitations for this type of action, therefore, in September 1963 the statute of limitations would have run. The plaintiffs did not get service of process over the defendant until January 17, 1964. The plaintiffs filed their complaint on October 23, 1961, which is a commencement of their law suit under 15 U.S.C. § 15(b). See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962).

The question remaining for this Court to decide is whether the plaintiffs used due diligence in obtaining service of process over the defendant corporation.

The plaintiffs attempted to get service of process over the defendant corporation by serving Mr. E. Q. Beckwith, the vice-president of defendant corporation, while he was in Cape Girardeau temporarily on October 23, 1961. This service of process was quashed by this Court on May 4, 1962, and no attempt was made after May 4, 1962, to obtain service of process over the defendant corporation until January 17, 1964.

The only excuse the plaintiffs can give for the delay is that the original counsel for plaintiffs was not familiar with the special venue statute applicable to antitrust actions, namely, Title 15 U.S.C. § 22. Instead of using Title 15 U.S.C. § 22 to obtain service on defendant, which new counsel for defendant used, the original counsel tried to obtain service of process under the general venue statute, namely, Title 28 U.S.C. § 1391 (c) by personal service on Mr. Beckwith.

This is very similar to Hixon v. Highsmith, 147 F.Supp. 801 (D.C.Tenn., 1957). In that case the Court found that the plaintiff did not use due diligence in obtaining service of process over the defendant. There the plaintiff first tried to obtain service of process over defendant by personal service, but defendant was a nonresident. The plaintiff finally obtained service of process over the defendant ten months after the filing of the complaint.

The fact that this present case is an antitrust case could be argued makes a difference, but an attorney who files an antitrust suit under Title 15, U.S.C. § 13 for treble damages should know of the special venue statute under Title 15, U.S.C. § 22 and to claim ignorance of such section it seems to this Court is in itself lack of due diligence on the part of the plaintiffs' original attorney in obtaining service of process over the defendant corporation.

Also the plaintiffs' original counsel did not try to obtain service on defendant foreign corporation by serving the Secretary of State under R.S.Mo. § 351.630, V.A.M.S., which is permitted under F.R. Civ.P., Rule 4. There might have been a question as to whether defendant foreign corporation's activities in the State of Missouri constituted doing business in Missouri, but the fact still remains that the plaintiffs' original counsel did not try to obtain service on the defendant corporation through the Missouri Secretary of State.

This Court will enter an order granting the defendant's motion for summary

judgment on the ground that the plaintiffs' claim is barred by the statute of limitations. The plaintiff's original attorney did not use due diligence in obtaining service of process over the defendant corporation after filing the plaintiffs' claim, therefore, the filing of the claim did not toll the statute of limitations.