**Charles M. REAGAN, Plaintiff,**

v.

**COMMONWEALTH THEATRES OF PUERTO RICO, INC., et al., Defendants.**

**Civ. No. 166–64.**

United States District Court
D. Puerto Rico.

May 29, 1969.

Beverley, Rodríguez, Estrella, PEsquera, San Juan, P. R., for plaintiff.

Fiddler, González & Rodríguez, San Juan, P. R., Nachman & Feldstein, San Juan, P. R., Donovan, Leisure, Newton & Irvine, Phillips, Niser, Benjamin, Krim & Ballon, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

FERNANDEZ-BADILLO, District Judge.

There is pending decision in this case a motion for summary judgment filed by defendants Commonwealth Theatres of Puerto Rico, Inc., Rafael Ramos Cobián, Cobián's 65th. Theatres Corporation, Cobián's Super Drive-In Theatres, Inc., Cobián Theatres of Puerto Rico, Inc., Cobián Metropolitan Circuit, Inc., and Víctor Carrady, and a motion for summary judgment filed by plaintiff Charles M. Reagan.

Defendants' motion is based upon three main grounds: (1) That the voluntary dismissal with prejudice by Commonwealth Theatres of a prior action brought by said co-defendant before the United States District Court for the Southern District of New York ("New York action") is "res judicata" as to plaintiff Charles M. Reagan and consequently plaintiff is precluded from prosecuting the instant case; (2) that plaintiff lacks a valid cause of action upon which relief can be granted because the mere filing of the New York action does not violate the antitrust laws of the United States; and (3) that plaintiff lacks standing to sue since no business or property interest of plaintiff has been affected.

Plaintiff's motion for summary judgment relies upon the ground that the New York action constitutes "res judicata" as to defendants; accordingly the same are precluded from again attempting to assert the validity of the so-called

agreement entered between Commonwealth Theatres and Cinerama. Inc.

Upon full and thorough consideration of all the pleadings heretofore filed, it is this Court's opinion that both motions for summary judgment should be and are hereby denied.

 The voluntary discontinuance of the New York action can not be considered "res judicata" since it was not an adjudication on the merits of the controversy. Saylor v. Lindsley, et al., 391 F. 2d 965 (2d Cir. Mar. 18, 1968); Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898 (1948); 1B Moore's Federal Practice, sec. 0.405(1), (1965 ed.).[1]

The validity and scope of the so-called agreement entered between Commonwealth Theatres and Cinerama, Inc., should be determined, in the present case, after a trial on the merits, through the presentation of evidence, since the form of the document which defendants claim evidences said contract, the brevity of the proceedings in the New York action, and the record on these motions do not permit the court to find that there are no issues of fact as to whether an agreement did or did not exist between Cinerama and Commonwealth Theatres prior to the institution of the New York action. On the other hand, whether the circumstances relating to said claimed contract and/or the prosecution of the prior action by Commonwealth Theatres were parts of a conspiratorial scheme to extend its alleged illegal monopoly, are facts to be determined in a plenary trial as a part of a series of elements neces-

---

1. Defendants' argument that claimant should have pleaded the present claim as a counter-claim in the prior action, lacks merit since plaintiff did not even file his answer in court in said prior action (Rule 13(a) of the Federal Rules of Civil Procedure) and besides, it appears to be the rule established by the United States Supreme Court, and followed by other federal courts, that the compulsory counter-claim provision of Rule 13(a) of the Federal Rules of Civil Procedure does not apply to claims arising out of the antitrust laws. Mercoid Corp. v. Mid-Continent Investment Co., 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376 (1944); Douglas v. Wisconsin Alumni Research Foundation, D.C., 81 F.Supp. 167 (1948); Gasswint v. Clapper, D.C., 17 F.R.D. 309 (1955); Moore Co. of Sikeston, Mo. v. Sid Richardson Carbon & Gasoline Co., 237 F.Supp. 817 (1964), rev'd on other grounds 347 F.2d 921 (8th Cir., 1965).

sary to establish defendants' alleged violation of the antitrust laws. That is, whether the events relating to the claimed contract and/or the filing of the prior action were in furtherance of an illegal monopoly has to be determined after a plenary trial.

In regards to defendants' argument that plaintiff lacks standing to sue, this Court concludes that any expenses incurred by plaintiff for attorneys fees in the New York action, and any travel and investigational expenses in preparing to exploit a Cinerama franchise in Puerto Rico, if proven, were injuries of an economic nature suffered by plaintiff which should be considered an injury to his property. Moreover Zenith Radio Corporation v. Hazeltine Research, Inc., 395 U.S. 100, 89 S.Ct. 1562, 23 L.Ed. 2d 129, decided by the Supreme Court of the United States on May 19, 1969, recognized the right of a plaintiff in a treble damage action to recover for injuries to his or its business or property resulting from an illegal exclusion from a market, and counselled the trial and appellate courts to observe the practical limitations of the burden of proof which may be demanded of a treble-damage plaintiff who seeks recovery for injuries from a partial or total exclusion from a market. On the pleadings in this action, and the record on these motions, the Court is unable to conclude that there are no material issues as to the fact of injury to the plaintiff's business or property and the amount thereof.

All the aforementioned arguments bring this Court to conclude that there is a genuine controversy of facts which can not be disposed of by means of a summary judgment, but only after a plenary trial on the merits of the controversy. It is needless to say that the established rule is to the effect that if a "scintilla" of controversy of facts exists, the matter can not be disposed of through a summary judgment. Peckham v. Ronrico Corp., 171 F.2d 653, 657 (1st Cir. 1948); Roth v. Lugo, 87 P.R.R. 365, (1963).